IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.   Case No. 3:07cr58/MCR

ANTHONY ALEXANDER BRIDGEWATER
_____

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE (ECF 369)

Comes now the United States of America, by and through the undersigned Assistant United States Attorney, and files this response to Defendant, Anthony Alexander Bridgewater's Motion for Compassionate Release (ECF 369). For the reasons set forth below, the Court should deny Defendant Bridgewater's motion.

FACTS

In 2007, a grand jury returned a four-count superseding indictment that charged Bridgewater, and others in some counts, with: (1) conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine and 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 841(b)(1)(A)(vii) and 846; (2) possession with the intent to distribute of five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii) and 18 U.S.C. § 2; (3) possession with the intent to distribute of 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§

1

841(a)(1) and (b)(1)(B)(vii) and 18 U.S.C. § 2; and (4) possession of a firearm in and affecting interstate commerce by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (ECF 34) After a three and one-half day trial, a petit jury found Bridgewater guilty as charged. (ECF 110; ECF 105) This Court sentenced Bridgewater to the following concurrent terms of imprisonment as to Counts One through Four, respectively: life, life, 438 months, and 120 months. (ECF 143; ECF 176, p. 17)

Bridgewater was responsible for six kilograms of cocaine and 1,160 pounds of marijuana. (ECF 176, p. 16; presentence investigation report ("PSR"), ¶ 43). Bridgewater qualified as a career offender. (ECF 176, p. 16; PSR, ¶¶ 58-59). Accordingly, Bridgewater's total offense level was 37, his criminal history category was VI, and his guidelines range was 360 months to life imprisonment. (ECF 176, p. 16; PSR, ¶¶ 58-59, 81, 112). Bridgewater faced a maximum term of life imprisonment as to Counts One through Three and a maximum term of 120 months' imprisonment as to Count Four. (ECF 42; ECF 176, p. 16; PSR, ¶¶ 63-64, 111). 21 U.S.C. §§ 841(b)(1)(A)(ii), (b)(1)(A)(vii), (b)(1)(B)(vii); 18 U.S.C. § 924(a)(2).

On June 10, 2019, this Court denied Bridgewater's Motion for Sentence Reduction pursuant to the First Step Act. (ECF 368) On June 3, 2020, Bridgewater filed his Motion for Compassionate Release pursuant to 18 U.S.C. § 3582. (ECF

369) The government now argues that Bridgewater is ineligible for compassionate release, and the Court should deny the request.

## LAW AND ARGUMENT

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018, provides in pertinent part:

> (c) Modification of an Imposed Term of Imprisonment.---The court may not modify a term of imprisonment once it has been imposed except that---
>
> (1) in any case---
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that---
>
> (i) extraordinary and compelling reasons warrant such a reduction...
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582 (2018).

Further, 28 U.S.C. § 994(t) provides: "The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria

3

to be applied and a list of specific examples." Accordingly, the relevant policy statement of the Commission is binding on the Court. *United States v. Lynn*, 2019 WL 3805349, *1-4 (S.D. Ala. 2019); *see also Dillon v. United States*, 560 U.S. 817, 827 (2010)(where 18 U.S.C. § 3582(c)(2) permits a sentencing reduction based on a retroactive guideline amendment, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," the Commission's pertinent policy statements are binding on the court).

The Sentencing Guidelines policy statement appears at § 1B1.13 and provides that the Court may grant release if "extraordinary and compelling reasons" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the Court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." That is, compassionate release is available where: (1) there are extraordinary and compelling reasons, (2) the § 3553(a) factors, including whether the defendant is a danger to the community, show that release is warranted. U.S.S.G. § 1B1.13; *United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020); *United States v. Lisi*, 2020 WL 881994, at *3, 5-6 (S.D.N.Y. 2020); *United States v. Willis*, 382 F.Supp.3d 1185, 1187-89 (D.N.M. 2019).

Moreover, with regard to the first requirement, the Sentencing Commission has identified what may constitute "extraordinary and compelling reasons" as follows:

> 1. **Extraordinary and Compelling Reasons.**---Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A)   **Medical Condition of the Defendant.**---
>
> (i)   The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii)   The defendant is---
>
> (I)   suffering from a serious physical or medical condition,
>
> (II)   suffering from a serious functional or cognitive impairment, or
>
> (III)   experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B)   **Age of the Defendant.**---The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C)   **Family Circumstances.**---
>
> (i)   The death or incapacitation of the caregiver of the defendant's minor child or minor children.

> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) **Other Reasons.**---As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1. For its part, consistent with note 1(D), BOP promulgated Program Statement 5050.50, available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf, amended effective January 17, 2019, to set forth its evaluation criteria (hereinafter referred to as "PS 5050.50").

Bridgewater has the burden to show circumstances meeting the test for compassionate release. *United States v. Mattingly*, 2020 WL 974874, at *3 (W.D. Va. 2020); *United States v. Heromin*, 2019 WL 2411311, at *2 (M.D. Fla. 2019); *White v. United States*, 378 F.Supp.3d 784, 785 (W.D. Mo. 2019); *see also United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)("a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that a retroactive amendment has actually lowered his guidelines range in his case"); *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992)(a "party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue"). As the terminology in the statute shows, compassionate release is "rare" and "extraordinary." *White*, 378 F.Supp.3d at 787; *accord Willis*, 382 F.Supp.3d at 1188.

6

First and foremost, Bridgewater's motion does not allege, let alone show, that he made a request to the warden of the prison where he is incarcerated and waited 30 days before filing his motion for compassionate release. (ECF 369)  Therefore, the Court lacks the authority to act on Bridgewater's motion for compassionate release at this time.  *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *United States v. Pearson*, Case No. 3:00cr84/LAC, ECF 371 (N.D. Fla. 2020); *United States v. Santos*, Case No. 4:10cr61/RH, ECF 84 (N.D. Fla. June 7, 2020); *United States v. Stevenson*, Case No. 1:03cr41/AW, ECF 918 (N.D. Fla. 2020); *United States v. Daniels*, 2020 WL 1938973, at *2-3 (S.D. Ala. 2020) (collecting and discussing cases); *United States v. Cochran*, Case No. 3:16cr100/TKW, ECF 107, p. 2 (N.D. Fla. 2020); *United States v. Maldonado*, Case No. 4:15cr44/MW, ECF 484, pp. 1-2 (N.D. Fla. 2020); *United States v. Boykin*, Case No. 4:07cr38/RH, ECF 166, pp. 1-2 (N.D. Fla. 2020).

Bridgewater's motion is also due to be denied on the merits.  Read liberally, the *pro se* motion argues that compassionate release under § 3582(c)(1)(A) is not limited to medical, elderly or family circumstances, and that he is eligible for compassionate release based on other reasons, that is, if he was sentenced today (1) he would not be subjected to the same enhanced penalties; and (2) he would qualify for the safety valve provision. (ECF 369, pp. 3-12)  However, the statute and the

Guidelines commentary show that compassionate release for extraordinary and compelling reasons is limited to medical, elderly, and family circumstances.

As was previously discussed, the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a court, upon a motion of the Director of BOP or the defendant, to modify a term of imprisonment if it finds "extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission...." Title 28, United States Code, Section 994(t) provides the authority for the Sentencing Commission to define the meaning of "extraordinary and compelling reasons" under § 3582(c)(1)(A). Section 994(t) explicitly states that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." Commentary note 1 to U.S.S.G. § 1B1.13 defines "extraordinary and compelling reasons" to encompass three categories: (1) medical condition of the defendant, (2) age of the defendant, (3) family circumstances.

A fourth category, "other reasons" is left specifically to the determination of the Director of BOP. *See* U.S.S.G. § 1B1.13, app. n. 1(D). Therefore, under the plain language of § 1B1.13, a district court is without authority to determine "other extraordinary and compelling reasons" outside of the situations in U.S.S.G. § 1B1.13 cmt. n. 1(A) - (C). However, recognizing the discretion given to BOP under subsection (D), the Court also may look to the grounds set forth in the relevant BOP

8

regulation governing compassionate release, which appears at PS 5050.50.  While BOP's regulations may provide more detail regarding implementation of the grounds contained in U.S.S.G. § 1B1.13 cmt. n.1(A) - (C), they still limit "extraordinary or compelling circumstances" to specific medical circumstances, elderly inmates, death or incapacitation of the family member caregiver, or incapacitation of a spouse or registered partner.  *See* PS 5050.50 at 3-12.

As such, the Court is without authority to grant the defendant compassionate release based on reasons other than those stated in U.S.S.G. § 1B1.13 cmt. n.1 (A) - (C).  *United States v. Saldana*, 2020 WL 1486892, at *2-4 (10th Cir. 2020) (unpublished); *United States v. Pelloquin*, Case No. 3:94cr3115/RV, ECF 64 (N.D. Fla. 2020) (quoting and agreeing with *United States v. Winner*, ___ F.Supp.3d ___, 2020 WL 2124594, at *1-2 (S.D. Ga. 2020)); *United States v. Mollica*, 2020 WL 1914956, at *3-5 (N.D. Ala. 2020); *United States v. Willingham*, 2019 WL 6733028, *2 (S.D. Ga. 2019); *Lynn*, 2019 WL 3805349 at *1-5; *United States v. Gross*, 2019 WL 2437463, *2-3 (E.D. Wash. 2019); *Heromin*, 2019 WL 2411311, at *1-2; *Willis*, 382 F.Supp.3d at 1187-88; *United States v. Shields*, 2019 WL 2359231, *2-4; *but see United States v. Urkevich*, 2019 WL 6037391, *3 (D. Neb. 2019); *United States v. Brown*, 411 F.Supp.3d 446, 449-51 (S.D. Iowa 2019); *United States v. Cantu*, 2019 WL 2498923, *3-5 (S.D. Tex. 2019); *United States v. Butler*, Case No. 5:03cr5/MCR, ECF 224, pp. 15-20 (N.D. Fla. May 26, 2020); *United States v.*

*Colonel*, Case no. 1:01-cr-41-AW-GRJ, ECF 168, pp. 2-4 (N.D. Fla. June 11, 2020); *But see United States v. Caylor*, Case No. 3:01cr83/LAC, ECF 393 (N.D. Fla. June 5, 2020).

For the reasons set forth in *Winner* and the cases consistent with it, the Court should adopt the view of those cases. In sum, the view of *Urkevich* and the cases consistent with it "contravenes express Congressional intent that the Sentencing Commission, not the judiciary, determine what constitutes an appropriate use of the 'compassionate release' provision." *Winner*, 2020 WL 2124594, at *2; *accord Saldana*, 2020 WL 1486892, at *2-4; *Pelloquin*, ECF 64 , p. 5; *Mollica*, 2020 WL 1914956, at *3-5; *Willinghan*, 2019 WL 6733028 at *2; *Lynn*, 2019 WL 3805349 at *1-5; *Gross*, 2019 WL 2437463 at *2-3; *Heromin*, 2019 WL 2411311, at *1-2; *Willis*, 382 F.Supp.3d at 1187-88; *Shields*, 2019 WL 2359231 at *2-4. "Indeed, § 3582(c)(1)(A) as amended by the First Step Act <u>still</u> requires courts to abide by policy statements issued by the Sentencing Commission." *Winner*, 2020 WL 2124594, at *2; *accord Saldana*, 2020 WL 1486892, at *2-4; *Pelloquin*, ECF 64, p. 5; *Mollica*, 2020 WL 1914956, at *3-5; *Willinghan*, 2019 WL 6733028 at *2 (emphasis in original); *Lynn*, 2019 WL 3805349 at *1-5; *Gross*, 2019 WL 2437463 at *2-3; *Heromin*, 2019 WL 2411311, at *1-2; *Willis*, 382 F.Supp.3d at 1187-88; *Shields*, 2019 WL 2359231 at *2-4.

Additionally, the government notes that one of the purposes of the Sentencing Reform Act of 1984 was to replace a system of indeterminate sentences and the possibility of parole with determinate sentencing and no parole. *Walden v. United States Parole Commission*, 114 F.3d 1136, 1138 (11th Cir. 1997).  The view of *Winner* and the cases consistent with it properly avoids turning district courts into *de facto* parole boards who review whether any inmate who contends his situation involves any type of "extraordinary and compelling reason" is entitled to compassionate release from prison.

For the above reasons, a court lacks the authority to grant compassionate release to a defendant for "other reasons" outside of U.S.S.G. § 1B1.13 cmt. n.1(A)-(C).  Because Defendant Bridgewater did not allege, let alone establish, qualifying reasons under those subsections, the Court should deny his motion for compassionate release. See *United States v. Myrick*, Case no. 3:15cr068/MCR, ECF 50 (N.D. Fla. May 15, 2020).

Finally, even assuming for the sake of argument that  Bridgewater had met the 30-day exhaustion requirement and the Court had the authority to grant compassionate release based on reasons other than those stated in U.S.S.G. § 1B1.13 cmt. n.1 (A) - (C), the Court should still consider the § 3553(a) factors in deciding whether to release Bridgewater.  U.S.S.G. § 1B1.13; *Chambliss*, 948 F.3d at 693-94; *United States v. Hunter*, Case No. 4:17cr48/MW, ECF 390, pp. 4-5 (N.D. Fla. 2020);

11

*Lisi*, 2020 WL 881994, at *3, 5-6; *Willis*, 382 F.Supp.3d at 1187-89. The government submits that even if Bridgewater is eligible for release, the Court should not grant him compassionate release. *See* 18 U.S.C. § 3553(a).

Bridgewater was responsible for six kilograms of cocaine and 1,160 pounds of marijuana. (ECF 176, p. 16; PSR, ¶ 43). Moreover, Bridgewater's criminal history reflects a pattern of drug dealing activity. (PSR, ¶¶ 63, 64, 78) Additionally, Bridgewater was previously convicted of aggravated battery, where he severely beat the victim in the back of the head with a large wooden weapon. (PSR, ¶ 62) The victim suffered serious injuries and was transported to the hospital. (Id.) As result, Bridgewater was initially sentenced to 4 years in state prison and subsequently, to 5.5 years in state prison with prior credit for a violation of probation. (Id.) In fact, Bridgewater qualified as a career offender. (ECF 176, p. 16; PSR, ¶¶ 58-59). Based on the nature of Bridgewater's involvement in the instant case coupled with his prior criminal history, Bridgewater poses a significant danger to the community. In light of the § 3553(a) factors, the Court should not grant him compassionate release.

WHEREFORE, the government asks the court to deny Defendant Bridgewater's motion in its entirety.

Respectfully submitted,

LAWRENCE KEEFE
United States Attorney

*s/ Winifred L. Acosta*
WINIFRED L. ACOSTA
Assistant U.S. Attorney
Appellate Division
Northern District of Florida
Florida Bar No. 0076333
111 North Adams Street, 4th Floor
Tallahassee, FL  32301
(850) 942-8430
winifred.acosta@usdoj.gov

## CERTIFICATE OF COMPLIANCE WITH N.D. FLA. LOC. R. 7.1(F)

I hereby certify that this response complies with the word limitation set forth in N.D. Fla. Loc. R. 7.1(F).  This response contains 2,769 words.

s/ Winifred L. Acosta
Winifred L. Acosta
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that a copy of the fore-going has been provided by U.S. mail to Anthony Alexander Bridgewater, Inmate No. 06755-017, U.S. Penitentiary – Lee, P.O. Box 305, Jonesville, VA  24263, on this 16th day of June, 2020.

s/ Winifred L. Acosta<br>
Winifred L. Acosta<br>
Assistant U.S. Attorney