UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

  Plaintiff,

  v.                                          Case No. 3:07cr58/MCR

ANTHONY ALEXANDER
BRIDGEWATER,

  Defendant.
                                   /

## ORDER

Pending is Defendant Anthony Alexander Bridgewater's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 369. Bridgewater claims that extraordinary and compelling circumstances justify relief based on the First Step Act of 2018, which modified the safety valve criteria under 18 U.S.C. § 3553(f). The Government opposes the motion. Bridgewater also requests additional time to research and file a reply in light of COVID-19 restrictions impacting his access to the law library. Having fully reviewed the matter, the motion is denied, and the request for an extension is moot.

**Background**

Bridgewater was found guilty by a jury on three drug trafficking charges involving a conspiracy to distribute marijuana and cocaine as well as one count of

possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). Based on the drug weight involved in the offense and his criminal history as a career offender under the Sentencing Guidelines, Bridgewater's guidelines range was 360 months to life on the three drug trafficking counts and a maximum term of 120-months on the firearm charge. He was sentenced to two life sentences for the conspiracy and drug trafficking charges in Counts One and Two, a term of 438 months on the drug trafficking charge in Count Three, and a 120-month term on the firearms charge in Count Four, to run concurrently. The sentence was vacated on appeal, and the case was remanded for resentencing. *See United States v. Bridgewater*, 333 F. App'x 470, 474 (11th Cir. 2009). On resentencing, the Court imposed one life sentence for Counts One and Two, 438 months on Count Three, and 120 months on Count Four, and the Eleventh Circuit later affirmed. *See United States v. Bridgewater*, 407 F. App'x 398, 401 (11th Cir. 2011).

On June 10, 2019, the Court denied Bridgewater's motion for a reduction in sentence under the First Step Act, finding that the Act does not apply to his offenses, which did not involve crack cocaine. Now pending is his Motion for Compassionate release, arguing that the First Step Act's amendment to the safety valve provision of 18 U.S.C. § 3553(f) broadened its applicability and provides an extraordinary and compelling reason to modify and reduce his sentence. First Step Act, Section 402, PL 115-391, 132 Stat 5194 (Dec. 21, 2018). Similarly, he contends that his prior

battery conviction is no longer considered a crime of violence.  The Government opposes relief, arguing that the modified safety valve provision is not retroactively applicable and neither change in law provides an extraordinary and compelling reason to reduce Bridgewater's sentence pursuant to § 3582(c)(1)(A)(i).

**Discussion**

As a threshold matter, the Court may not modify a term of imprisonment after it has been imposed, except in limited circumstances as outlined in 28 U.S.C. § 3582(c).  *See United States v. Llewlyn*, 879 F.3d 1291, 1294 (11th Cir.), *cert. denied*, 138 S. Ct. 2585 (2018).  Under § 3582(c), as modified by the First Step Act, courts are authorized to reduce a term of imprisonment on a motion by (1) the Director of the BOP or (2) the defendant, after "fully exhaust[ing] all administrative rights to appeal" the BOP's failure to bring a motion on his behalf or after 30 days have passed since the warden of the defendant's facility received the request.  28 U.S.C. § 3582(c)(1)(A).  A court may reduce a term of imprisonment under this statute after considering the factors of § 3553(a),[1] and finding, in relevant part, that a reduction in sentence is warranted based on "extraordinary and compelling

---

[1] Section 3553(a) factors include the nature and circumstances of the offense and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment, as well as afford adequate deterrence and protect the public from further crimes.  18 U.S.C. § 3553(a).

reasons" and is "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i).

Congress instructed the Sentencing Commission to promulgate general policy statements to "describe what should be considered extraordinary and compelling reasons" to reduce a sentence under § 3582(c)(1)(A), "including the criteria to be applied and a list of specific examples." 28 U.S.C.A. § 994(t). The policy statement provides that "extraordinary and compelling reasons" include: (A) a serious medical condition that substantially diminishes the defendant's ability to care for himself, (B) advanced age, (C) certain family circumstances (death or incapacitation of a caregiver), and (D) a catch-all category of "other reasons." U.S.S.G. § 1B1.13 cmt. n.1(A)-(D). The only "other reasons" that qualify, however, are those determined by the Director of the BOP, including "an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 cmt. n.1(D). The policy statement expressly places the determination of "other reasons" in the hands of the Director of the BOP, not the courts. *See United States v. Terry,* 3:10cr17-J-34JRK, 2020 WL 4261398, at *3 (M.D. Fla. July 24, 2020) ("By its own terms, this provision does not authorize the Court to invent new or additional 'extraordinary and compelling reasons' for compassionate release."); *United States v. Plowright*, No. CR 107-167, 2020 WL 3316989, at *1 (S.D. Ga. June 18, 2020) (stating the language does not allow a court

to "step into the shoes of the BOP director and make its own determination of whether extraordinary and compelling circumstances exist"). Additionally, the defendant bears the burden to show that a reduction in sentence is warranted. *United States v. Rodriguez-Orejuela*, --- F. Supp. 3d ---, 2020 WL 2050434, at *5 (S.D. Fla. 2020); *see also United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (stating that under § 3582(c)(2), the defendant bears the burden to prove a sentence reduction is appropriate).

Bridgewater has not alleged that he made a request for relief to the warden to exhaust his administrative remedy. Even if he had, relief is not available on the merits of his allegations. Bridgewater contends that the Court can determine "other reasons" that justify compassionate release, including the fact that if sentenced today he would not be subject to the same enhanced penalties and would qualify for the safety valve provision. The Court disagrees and concludes that Bridgewater has not met his burden to establish grounds for compassionate release, as the Government argues.

By its own terms, Section 402 of the First Step Act does not apply retroactively.[2] First Step Act § 402(b); *see also United States v. Sanchez*, 795 F.

---

[2] Section 402 "amended the requirements to enhance sentences for repeat offenders with prior convictions for felony drug offenses," but it applies "only to a conviction entered on or after the date of the enactment of the Act." *United States v. Figueroa*, No. CR 15-0204-CG-B, 2020 WL 3658935, at *2 (S.D. Ala. July 6, 2020) (citing First Step Act § 402(a), (b)).

Case No. 3:07cr58/MCR

App'x 704, 707 (11th Cir. 2019).  Moreover, nothing in § 3582(c)(1)(A) or the applicable sentencing policy statement allows the Court to grant relief on this basis or to create another reason for granting relief that is not included in the applicable policy statement.  Bridgewater cites authority to the contrary, finding that courts are authorized to determine whether any extraordinary and compelling reasons other than those listed in U.S.S.G. § 1B1.13 cmt. n.1(A)-(C) warrant relief.  *See United States v. Maumau*, No. 2:08-CR-00758-TC-11, 2020 WL 806121, at *3 (D. Utah Feb. 18, 2020) (collecting cases).  The undersigned is not convinced by them.  The Court will not set aside the language of the policy statement allowing only the Director of the BOP to determine "other reasons" in order to side-step Congress's express decision not to apply Section 402 retroactively. "Indeed, § 3582(c)(1)(A) as amended by the First Step Act still requires courts to abide by 'applicable policy statements issued by the Sentencing Commission.'" *United States v. Winner*, --- F. Supp. 3d ---, 2020 WL 2124594, at *2 (S.D. Ga. Apr. 24, 2020) (citing § 3582(c)(1)(A) and collecting cases).  If the policy statement needs "tweaking" in light of the First Step Act, that "tweaking" is the job of the Sentencing Commission, not the courts.  *United States v. Lynn*, No. CR 89-0072-WS, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 13, 2019) ("By its terms, however, Section 994(a)(2)(C) leaves it to the Commission, not the judiciary, to determine what constitutes an appropriate use of the provision, and Section 3582(c)(1)(A) 'requires courts to abide by those

policy statements.'") (quoting *United States v. Colon*, 707 F.3d 1255, 1259 (11th Cir. 2013)). Consequently, this Court will not consider circumstances that are not included within the policy statement as drafted by the Commission.  *See Plowright*, 2020 WL 3316989, at *2 (collecting cases).

Because Bridgewater has not demonstrated an "extraordinary and compelling reason" to justify a sentence reduction under § 3582(c)(1)(A)(i) consistent with the policy statements, the Court need not examine the factors of § 3553(a).

Accordingly, Defendant's Motion For Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 369, is **DENIED**, and the Motion for an Extension of Time, ECF No. 372, is **DENIED as MOOT**.

**DONE and ORDERED**  this 8th day of September 2020.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**